# IN THE UNITED STATES COURT OF APPEALS
## for the Fifth Circuit

---

No. 95-10845
(Summary Calendar)

---

KIM SONGER,

Plaintiff-Appellant,

versus

UNITED STATES FIRE INSURANCE COMPANY,

Defendant-Appellee.

---

Appeal from United States District Court
for the Northern District of Texas
(3:94-CV-2157-P)

---

March 13, 1996

Before  JOLLY, JONES  and STEWART, Circuit Judges.

PER CURIAM:[*]

In this negligent misrepresentation case, Kim Songer unsuccessfully attempted to rescind a settlement agreement after learning that her back injury was more serious than the diagnosis provided by the defendant-referred physician.  Songer appeals the district court's decision granting summary judgment in favor of the defendant.  She asserts that the district court erred in concluding that United States Fire Insurance Company did not make misrepresentations to her regarding her injuries, that Songer did not rely on the representations, and that Songer did not present a meritorious claim for more compensation than the insurance company gave her.   For the following reasons, we affirm the district court's judgment.

## FACTS

Kim Songer suffered a work-related back injury on August 25, 1989 while employed as a cashier at D&D Oil Company's Deesway convenience store.  While picking up a 75 to 100 pound

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

carbon dioxide tank, Songer felt a pop in her back. Songer was in so much pain that she had to call her husband to drive her home.

Dr. Webb hospitalized Songer while her ran several tests on her back. Dr. Webb ordered MRI studies, x-rays, and a CAT scan. At some point, Dr. Webb indicated that Songer possibly had a herniated disc. Webb treated Songer in his office until he released her to return to work with a certain percentage of disability.

Songer did not return to work because of the excruciating back pain. Instead, she sought relief from Dr. Moran who began treating Songer's back pain using ultrasound, heat, and manipulation although he never reviewed Dr. Webb's tests or ran tests of his own. Dr. Moran never diagnosed the exact cause of Songer's back pain; however, the intensity of her pain caused him to conclude that it was more than a strain.

Dr. Osborne, the doctor referred by the defendant, examined the MRI studies, Cat scan, and x-rays and found no impairment of function of Songer's back. Dr. Osborne concluded that the injury was a sprain, and he advised that Songer could return to work.

In December 1990, each treating Songer's injury as a back strain, Songer, with her attorney, and United States Fire Insurance Company entered into a compromise agreement. Songer relinquished her rights to pursue the matter in court in exchange for $13,500, three years of future medical expenses, and all medical expenses incurred as of the time of the agreement.

However, Songer's pain did not subside. Her pain was so severe that she never did return to work. In June, 1991, Dr. Moran sent Songer to an orthopedic surgeon. He performed a discogram which revealed that Songer suffered from a herniated disc. After three surgeries, Songer was told that further surgery would not alleviate her pain.[1]

Songer sued to rescind the compromise agreement in Texas state court. United State Fire removed the action to federal court based on diversity of citizenship. The defendant thereafter sought

---

[1]United States Fire introduced expert testimony from Dr. Osborne that Songer did not have a herniated disc and that a discogram is unreliable.

summary judgment.

The district court granted the defendant's motion for summary judgment finding that Songer's deposition testimony proved that she was fully aware of her condition, cognizant of the possibility that she might need future medical treatment, and conscious that Dr. Moran suspected that her injury was more than a sprain. The district court therefore concluded that no genuine issue of material fact existed regarding Songer's negligent misrepresentation claim. Songer timely appealed.

## DISCUSSION

We review the granting of a motion for summary judgment de novo. Thanksgiving Tower Partners v. Anros Thanksgiving Partners, 64 F.3d 227, 230 (5th Cir. 1995). Summary judgment shall be granted if the record, taken as a whole, "together with the affidavits, if any, show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. When evaluating the summary judgment evidence, we resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Review of the summary judgment requires the same analysis employed by the district court. Willis v. Roche Biomedical Lab., Inc., 61 F.3d 313, 315 (5th Cir. 1995).

We must evaluate the elements of the applicable cause of action to determine whether the facts, when viewed in the light most favorable to Songer, demonstrate a genuine issue of material fact. In Texas, a plaintiff must establish the following elements to rescind a settlement agreement entered into with a workers' compensation carrier: the worker must prove (1) that either her employer or compensation carrier made misrepresentations concerning her injuries, (2) that she relied on the misrepresentations in entering into the settlement agreement, and (3) that she had a meritorious claim for more compensation than the carrier paid. Rodriguez v. American Home Assurance Co., 735 S.W.2d 241, 242 (Tex. 1987).

We find that there are no facts which raise an issue regarding alleged misrepresentations by the defendant or any reliance Songer supposedly placed on the representations. Songer's deposition

3

testimony clearly establishes that Songer knew that Dr. Webb believed she possibly had a herniated disc and that Dr. Moran suspected her injury was more serious than a sprain. Further, Songer admitted that she did not believe Osborne. She also conceded that all of the doctors reviewing MRI studies, CAT scans, and x-rays of her back said that the tests were normal. Armed with information from Dr. Webb and Dr. Moran, Dr. Osborne's conflicting information should have prompted further investigation by Songer rather than settlement. We cannot say that Dr. Osborne's diagnosis amounts to a misrepresentation under these circumstances.

Moreover, Songer was still experiencing severe pain when she attended the settlement meetings approximately a year and four months after her injury. She admitted that she was concerned about the possibility of future surgery when she negotiated the settlement agreement. Because Songer was aware of her condition and the possibility of future medical treatment, she did not rely on representations from the defendant when negotiating and executing the settlement agreement. Thus, we find that no genuine issue exists regarding misrepresentations allegedly made by the defendant.

Further, Songer's claims that the defendant's agent promised to place $10,000 in an escrow account for Songer which would be paid to her in the event she had to have back surgery cannot constitute "a representation regarding her injury." As such, issues surrounding this alleged promise have no bearing on whether the settlement agreement should be rescinded. However, we note that there is no evidence to support Songer's claim. The settlement agreement, which expressly delineates the terms of the parties' agreement, makes no mention of the alleged $10,000 escrow account. Although Songer expressed a preference for the escrow account in addition to the three year future medical expenses, the final agreement encompasses only the three year future medical provision. We find that the district court properly found the absence of a genuine issue in this claim.

It is most unfortunate that Songer must bear the financial burden of future medical expenses arising from this work-related injury. The result appears unjust because Songer, initially the victim of an injury, will continue to be victimized by her lack of compensation. Our task is to interpret and

4

apply the law to accomplish the goals of justice; however, justice can only be administered within the letter of the law. The defendant here did not cause Songer's undercompensation; neither did it force her to disregard Dr. Webb's suggestion, Dr. Moran's concerns, or her instincts. We cannot find a genuine issue where one does not exist. Accordingly, we cannot rescind Songer's settlement agreement based on the record before us.

## CONCLUSION

For the foregoing reasons, we AFFIRM summary judgment in favor of the defendant.